Filed 10/27/23  P. v. Clark CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C098193 |
| Plaintiff and Respondent, | (Super. Ct. No. 02F07480) |
| v. |  |
| ERNEST ERASTUS CLARK IV, |  |
| Defendant and Appellant. |  |

Defendant Ernest Erastus Clark IV appeals from the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  Appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and requesting we exercise our discretion to review the record for arguable

---

[1] Undesignated statutory references are to the Penal Code.  Defendant petitioned for resentencing under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6 without substantive changes.  (Stats. 2022, ch. 58, § 10.)  We cite to section 1172.6 throughout this opinion.

issues on appeal. Defendant filed a supplemental brief. Having considered the issues raised in defendant's supplemental brief, we affirm.

BACKGROUND

"While driving under the influence of methamphetamine, defendant . . . caused a head-on collision resulting in serious bodily injury. One year later, again while driving under the influence of methamphetamine, he caused another head-on collision, this time killing two people and seriously injuring another. [¶] The jury found him guilty as charged of two counts of second degree murder (Pen. Code, § 187, subd. (a); counts 1 and 2), two counts of driving under the influence of a drug and neglecting a duty imposed by law which caused bodily injury (Veh. Code, § 23153, [former] subd. (a); counts 3 and 4), and misdemeanor hit and run. (Veh. Code, § 20002, subd. (a); count 5.) The jury found true the allegation on count three that defendant caused death and bodily injury to more than one victim. (Veh. Code, § 23558.) Defendant pled guilty to petty theft (§ 484, subd. (a), count 6) and was sentenced to an aggregate prison term of 32 years to life plus eight months. The court dismissed counts five and six." (*People v. Clark* (July 18, 2006, C048285) [nonpub. opn.].)[2]

In 2019, defendant filed a prior petition for resentencing pursuant to section 1172.6. The trial court denied the petition and we affirmed. (*People v. Clark* (June 8, 2023, C091345) [nonpub. opn.].)[3]

---

[2] We quote these facts not as providing any basis for our resolution of defendant's contentions on appeal, but merely as background.

[3] On our own motion, we take judicial notice of our unpublished opinion affirming the denial of defendant's first petition for resentencing. (Evid. Code, §§ 451, 459.)

In 2022, defendant filed the current petition for resentencing. The trial court denied the petition, concluding: "[B]ased upon the information provided by the parties at the prima facie hearing, the changes to the laws regarding murder do not apply to [defendant's] second degree murder convictions. 'The jury was not instructed on any theory of liability for murder or attempted murder that required that malice be imputed.' " The court further concluded that the record "shows the jury did not receive instructions on an invalid theory of murder, rendering [defendant] ineligible for relief under [section] 1172.6 as a matter of law."

## DISCUSSION

Counsel filed a brief raising no arguable issues under *Delgadillo*, *supra*, 14 Cal.5th 216, and requesting we exercise our discretion to review the record for arguable issues on appeal. Defendant filed a supplemental brief raising three issues.

In his first argument, relying on *In re Ferrell* (2023) 14 Cal.5th 593, defendant questions whether the theory of implied-malice murder violates due process. Defendant asserts it is "difficult for a jury to" make a finding that a defendant killed with implied malice or to "make a determination of the mental component without some sort of medical or mental health training." He continues: "A serious question of law and facts remain[s] unanswered in this case. How can a jury of one's peer[s] make or determine defendant's . . . mental component at the time of the car accident?" Contrary to defendant's implications, implied-malice murder remains a valid theory. (*Id.* at p. 602 [jury received instructions on valid theories of second degree murder including "implied-malice murder without the felony-murder shortcut"]; *People v. Schell* (2022) 84 Cal.App.5th 437, 442 [the "theory of second degree implied malice murder, remains valid notwithstanding the recent changes effected by Senate Bill No. 1437 (2017-2018 Reg. Sess.) and Senate Bill No. 775 (2021-2022 Reg. Sess.)"].) As the Supreme Court stated in *In re Ferrell*, and as defendant acknowledges, "it is the jury's province, in a homicide case, to assess" the relevant danger at issue, "*probe defendant's state of mind,*

3

*and determine whether or not a defendant killed with implied malice.*" (*In re Ferrell,* at p. 607, italics added.) Nothing in *In re Ferrell* supports defendant's contention that implied-malice murder violates due process. To the extent defendant conflates implied-malice murder with imputed malice, defendant stands convicted of the former. As we stated in affirming the denial of defendant's prior petition for resentencing, section 1172.6 addresses imputed malice, not implied malice. (*Clark*, *supra*, C091345.) Defendant has not satisfied his burden of establishing his entitlement to relief based on application of the implied-malice murder theory.

In his second argument, defendant asserts section 1172.6 violates the equal protection clause of the United States Constitution. Where a law challenged on equal protection grounds "neither draws a suspect classification nor burdens fundamental rights," courts employ a rational basis test. (*People v. Chatman* (2018) 4 Cal.5th 277, 288-289.) As stated by the California Supreme Court: "We first ask whether the state adopted a classification affecting two or more groups that are similarly situated in an unequal manner. [Citation.] If we deem the groups at issue similarly situated in all material respects, we consider whether the challenged classification ultimately bears a rational relationship to a legitimate state purpose." (*Id*. at p. 289.) Defendant asserts he "has a serious drug addiction, making [him] part of an unpopular group of individuals that commit the same and convicted with people that were intoxicated due to an infliction [*sic*] of alcohol abuse, and yet the individuals convicted under this infliction [*sic*] seem to be the ones . . . [section] 1172.6 appl[ies] to." It is not entirely clear whether the classifications raised by defendant are drug addicts as opposed to alcohol abusers or addicts in general as opposed to non-addicts. In any event, he has established neither that the statute treats similarly situated groups in an unequal manner nor that there is no rational basis for doing so. (See *In re S.C.* (2006) 138 Cal.App.4th 396, 408 [to "demonstrate error, appellant must present meaningful legal analysis supported by citations to authority . . . ."]; see also *Chatman,* at p. 289 [classification in statute

4

presumed rational until challenger shows that no rational basis for unequal treatment is reasonably conceivable].)

Lastly, defendant asserts he was denied the effective assistance of counsel because his attorney made no argument on his behalf at his prima facie hearing.  Assuming defendant was entitled to the effective assistance of counsel (see *Delgadillo, supra*, 14 Cal.5th at p. 226 [" 'there is no constitutional right to the effective assistance of counsel' in state postconviction proceedings"]; *id.* at p. 227 [the right to counsel under § 1172.6, subd. (c) is "purely statutory"]), to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced defendant.  (*Strickland v. Washington* (1984) 466 U.S. 668, 691-692; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-217.)  Contrary to defendant's contention, counsel did advance arguments on his behalf.  She did so in her written reply to the People's opposition.  That she submitted on the written filings at the hearing, and made no additional oral argument, does not mean she made no argument on defendant's behalf.  Defendant has not established his attorney's performance fell below an objective standard of reasonableness under prevailing professional norms.

Having addressed the specific contentions raised in defendant's supplemental brief, our review is complete.  (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222, 232.)

5

DISPOSITION

The trial court's order denying defendant's petition for resentencing pursuant to section 1172.6 is affirmed.

                                            /s/

                                      BOULWARE EURIE, J.

We concur:

     /s/

EARL, P. J.

     /s/

ROBIE, J.